CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
7/22/2020
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 5:18-cr-00027 |
| v. | ) |
| | ) By: Elizabeth K. Dillon |
| MERCEDES RODRIGUEZ VARENS | ) United States District Judge |

**MEMORANDUM OPINION AND ORDER**

On June 17, 2020, defendant Mercedes Rodriguez Varens, proceeding *pro se*, filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. No. 99.) In accordance with local Standing Order 2019-1, the court appointed the Federal Public Defender (FPD) and ordered the FPD to file a supplement to Varens' motion. (Dkt. Nos. 100, 103.) The FPD filed a supplemental motion on Varens' behalf (Dkt. No. 104), in response to which the United States filed an opposition (Dkt. No. 105). Neither Varens nor the FPD filed a reply brief, and the court finds that a hearing on the motion is not necessary. For the reasons stated below, the court will deny Varens' motion.

I.  BACKGROUND

In September 2018, a grand jury charged Varens with willfully aiding and assisting in the preparation and presentation to the Internal Revenue Service of thirteen false and fraudulent tax returns in violation of 26 U.S.C. § 7206(2). (Dkt. No. 3.) Varens, acting as a tax preparer, overstated deductions claimed on tax returns for her clients. (PSR 4–5, Dkt. No. 87.) A jury convicted Varens on all thirteen counts, and the court sentenced her on each count, to run concurrently, to a term of thirty-three months in the custody of the Federal Bureau of Prisons (BOP) followed by a one-year term of supervised release. (Dkt. No. 96.) Varens has served approximately 25% of her sentence.

Varens is housed at Alderson FPC, a minimum-security facility in West Virginia housing 634 inmates. *See FPC Alderson*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/ald/ (last visited July 21, 2020). The FPD acknowledged that Alderson did not have any positive cases of COVID-19 at the time Varens filed her motion. (Dkt. No. 104, at 2.) Currently, Alderson still is not reporting any positive cases. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited July 21, 2020).

Varens is fifty-seven years old, and her medical records indicate that she has been diagnosed with hypertension and asthma. (Dkt. No. 104-1, at 9.) In her *pro se* motion, Varens reports suffering from a number of additional conditions. (Dkt. No. 99, at 9–10.)

## II. ANALYSIS

**A. Compassionate Release**

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

In addition to satisfying the above, the reduction must be "consistent with applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement on compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy provides, in pertinent part, that under § 3582(c)(1)(A), the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a)," the court determines that:

> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. In the application notes, the Policy recognizes extraordinary and compelling reasons with regard to medical conditions (terminal illnesses or serious conditions that diminish self-care abilities), age with deterioration and significant time served, family circumstances, and other extraordinary and compelling reasons other than, or in combination with, the above reasons. U.S.S.G. § 1B1.13 n.1.

A defendant seeking relief under § 3582(c)(1)(A) has "the burden of establishing that compassionate release is warranted." *United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 n.3.

## B. Exhaustion

As noted above, while the First Step Act changed § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. Specifically, a petitioner must satisfy one of two conditions: (i) "exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," or (ii) thirty days must have elapsed "from the receipt of such request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). This court has previously acknowledged that the exhaustion requirement is not satisfied where the defendant's warden denies the defendant's request for compassionate release within thirty days of the request, and the defendant does not pursue any further appeal within the BOP. *See United States v. Thomas*, No. 5:13-cr-19, 2020 WL 3895781, at *2 (W.D. Va. July 10, 2020) ("If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded.").

Varens attached to her *pro se* motion a letter from the warden of FPC Alderson indicating that Varens requested release on April 1, 2020. The same letter, dated April 22, 2020, denies Varens' request. (Dkt. No. 99-1.) Varens does not state that she appealed the warden's decision or otherwise allege that she has exhausted her administrative remedies.

Nonetheless, the court has previously found that § 3582's exhaustion requirement is not a jurisdictional bar, but it is a claims-processing rule that may be waived. *United States v. Crawford*, No. 2:03-cr-10084, 2020 WL 2537507, at *1 n.1 (W.D. Va. May 19, 2020) (citing *United States v. May*, 855 F.3d 271, 275–76 (4th Cir. 2017)). In its response, the government

4

does not argue that Varens failed to exhaust her administrative remedies. Accordingly, the court finds that the government has waived the exhaustion requirement. *Id.* at *1.

### C. Extraordinary and Compelling Reasons

Varens bases her motion for release on the risk of a COVID-19 outbreak at FPC Alderson. "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Harper*, No. 7:18-cr-00025, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020). Varens lists a number of conditions that she asserts make her particularly susceptible to COVID-19. Even if she is at risk, however, Varens is not subject to a particularized risk of contracting the virus at FPC Alderson, which is currently not reporting any positive cases.

The FPD notes that it is inevitable that FPC Alderson will see a positive case of COVID-19 in the future. The court appreciates the concern about future outbreaks but notes that the BOP is taking active steps to mitigate the spread of the virus. *See BOP Implementing Modified Operations*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited July 21, 2020). Thus, the court finds that Varens does not have a particularized risk of contracting COVID-19 at FPC Alderson and, therefore, has not established extraordinary and compelling reasons justifying her release.

### D. Section 3553(a) Factors

Even if the court found that extraordinary and compelling reasons existed, the court would nonetheless exercise its discretion to deny the motion. Varens has served only a quarter of her sentence, which was at the low end of the guideline range. Although the court acknowledges Varens' lack of criminal history prior to these offenses, it further notes the

longstanding nature of her criminal activity, involving a pattern of lies to the government and her clients. Reducing Varens' sentence would not reflect the seriousness of the offense, provide just punishment, or adequately deter criminal conduct. *See* 18 U.S.C. § 3553(a)(2). Thus, the factors set forth in § 3553(a) do not support Varens' release.

III. CONCLUSION

For the reasons stated above, it is hereby ORDERED that Varens' motion for compassionate release (Dkt. Nos. 99, 104) is DENIED. The clerk is directed to provide a copy of this order to the defendant, all counsel of record, and the United States Probation Office.

Entered: July 22, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge